## William Penn Motor Indemnity Exchange v. Elliott.

*Practice, C. P.—Pleading — Statement of claim — Contracts — Policy of insurance—Practice Act of May 14, 1915.*

1. Where a reciprocal insurance company seeks to recover an assessment alleged to be due upon a written agreement made with the defendant, which embraced his application for insurance, a copy of the agreement must be attached to the plaintiff's statement. But it is not necessary to attach to the statement a copy of the policy of insurance which was issued in pursuance of the agreement and application.

2. The Practice Act of May 14, 1915, P. L. 483, does not require the plaintiff to include in his statement of claim all of the evidential documents which may relate to the claim.

Rule to strike off plaintiff's statement. C. P. Blair Co., Oct. T., 1922, No. 210.

*John Woodcock, B. F. Warfel, Robert W. Smith, George G. Patterson* and *J. J. Haberstroh,* for rule.

*W. C. Fletcher,* contra.

BALDRIGE, P. J., July 26, 1923.—The plaintiff filed a statement of claim to recover from the defendant an assessment due under a written contract with the plaintiff company. The statement sets forth that the company was incorporated under the Act of June 27, 1913, P. L. 634, as a reciprocal automobile insurance company; that the defendant applied for automobile insurance, and agreed in writing that, in consideration of the issuance of the insurance, he would become liable for an amount limited to the annual payment he was required to make under his policy; that, in pursuance of the agreement, a policy of insurance was issued to the defendant; that the losses and expenses of the plaintiff company necessitated the levying of an assessment on the defendant as a policy-holder; that the assessment was duly made by the board of directors, and that his proportionate share thereto was limited to a sum equal to the amount of his annual deposit or payment.

The defendant moved to strike off this statement of claim, alleging that the statement is insufficient, in that there is not a copy of the policy of insurance attached, nor a copy of the resolutions of the board of directors, setting forth in detail the expenses and the losses and the manner of ascertaining the amount due by the defendant.

4 D. & C.

Section 5 of the Practice Act of May 14, 1915, P. L. 483, provides that "every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defences, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law, and shall be divided. . . . Every pleading shall have attached to it copies of all notes, contracts, book entries, etc." Section 9 of the same act provides that "the statement of claim shall be as brief as the nature of the case will admit. In actions on contracts, it shall state whether the contract was oral or in writing."

The plaintiff in this case seeks to recover, not upon the policy of insurance, but on a written agreement which embraced the application for insurance, a copy of which agreement is attached to the plaintiff's statement. That is all that the Practice Act requires. Other documents which the defendant seeks to have attached are simply evidential and are not required to be attached to and made part of the plaintiff's statement: Franklin Sugar Refining Co. *v.* Fulton et al., 1 D. & C. 615.

This rule is hereby discharged and the defendant is given fifteen days from the date hereof to file an affidavit of defence.

The same question is involved in actions brought in this county to other numbers of this term, and the prothonotary is hereby directed to note on record of the several actions this decree.

Now, July 26, 1923, this rule is discharged.